**SMITH v. McLANE et al.**

Civil Action No. 5494.

District Court, W. D. Pennsylvania.

Oct. 28, 1947.

Charles Denby, of Pittsburgh, Pa., for plaintiff.

William H. Eckert, of Pittsburgh, Pa., for defendants.

McAllister & McAllister, of McKeesport, Pa., for Peoples City Bank.

McVICAR, District Judge.

This is an action wherein plaintiff seeks an order directing the transfer to him of six (6) shares of common stock of The Sun Rubber Company, the specific performance of an alleged oral contract of June 24, 1937, and an accounting under the trust agreement of July 9, 1935. After hearing and consideration thereof, the Court makes the following Fndings of Fact and Conclusions of Law:

Findings of Fact

1. The Court finds the facts as stipulated in writing by the parties filed Octobe1 13, 1947, which contains twenty-three (23) paragraphs together with exhibits. The paragraphs are numbered from 1 to 23, both inclusive.

24. On June 24, 1937, the plaintiff, John T. McLane and Joseph L. McLane executed a written agreement for distribution of 1,634 shares of The Sun Rubber Company stock, after the bank beneficiaries had been paid in full, the original of which is attached to the Second Amended Complaint as Exhibit 2, and on the same day a written agreement was executed by John T. McLane and delivered to the plaintiff, relating to the plaintiff becoming General Manager of The Sun Rubber Company and succeeding John T. McLane as President of the Company, the original of which writing was introduced in evidence as Exhibit A.

25. No oral agreement was made between the plaintiff, Thomas W. Smith, Jr., and John T. McLane, defendant, June 24, 1937, whereby the defendant, John T. McLane, orally agreed that there would be forthwith established, as between the plaintiff and his immediate family on the one hand, and the defendant, John T. McLane and his immediate family on the other hand, equality of their respective holdings of stock and beneficial interests in stock of The Sun Rubber Company, and that said equality would be maintained for the term of the Trust Agreement of 1935, nor any similar or equivalent agreement.

26. Plaintiff on November 5, 1932, did not deliver to defendant, John T. McLane, six (6) shares of common stock of The Sun Rubber Company belonging to the plaintiff in consideration of the promise of said John T. McLane to deliver to plaintiff, on demand, a like number of shares of common stock of The Sun Rubber Company.

27. On July 9, 1935, John T. McLane, as donor, and Araminta and Josie E. McLane, as trustees, executed a trust agree-

ment, a true and correct copy of which is attached to the Second Amended Complaint in this action as Exhibit No. 1. This trust agreement of July 9, 1935, remains in effect except as amended on December 1, 1938, by plaintiff's Exhibit No. 20.

## Conclusions of Law

1. No oral agreement was made between the plaintiff, Thomas W. Smith, Jr., and John T. McLane, defendant, June 24, 1937, whereby the defendant, John T. McLane, orally agreed that there would be forthwith established, as between the plaintiff and his immediate family on the one hand, and the defendant John T. McLane and his immediate family on the other hand, equality of their respective holdings of stock and beneficial interests in stock of The Sun Rubber Company, and that said equality would be maintained for the term of the Trust Agreement of 1935, nor any similar or equivalent agreement.

2. Plaintiff on November 5, 1932, did not deliver to defendant, John T. McLane, six (6) shares of common stock of The Sun Rubber Company belonging to the plaintiff in consideration of the promise of said John T. McLane to deliver to plaintiff, on demand, a like number of shares of common stock of The Sun Rubber Company.

3. Plaintiff is entitled to an accounting by the trustees of the trust under the trust agreement of July 9, 1935, and this is agreed to by the defendants.

## Opinion

■ It is averred in paragraph 14 of the Second Amended Complaint that: "On November 5, 1932, in order to qualify the defendant, John T. McLane to continue as a director of the Company, the plaintiff delivered to said defendant, John T. McLane six shares of common stock of The Sun Rubber Company belonging to the plaintiff, in consideration of the promise of said defendant John T. McLane to deliver to plaintiff on demand a like number of shares of common stock of The Sun Rubber Company." There is no evidence to support the above averment, hence as to this cause of action, judgment should be entered in favor of the defendant. The Court made such an order during the trial.

■ It is averred in paragraph 7 of the Second Amended Complaint that "the defendant, John T. McLane on June 24, 1937, at Akron, Ohio, agreed orally with the plaintiff as follows: (a) that there would be forthwith established, as between the plaintiff and his immediate family on the one hand, and the defendant John T. McLane and his immediate family on the other hand, equality of their respective holdings of stock and beneficial interests in stock of The Sun Rubber Company, and that said equality would be maintained for the term of the Trust Agreement of 1935." Whether this alleged oral agreement was made depends on the credibility of the witnesses who testified that there was such an agreement and the witnesses who testified that there was no such an agreement, the surrounding circumstances and inferences to be drawn from facts proven. The Court is of the opinion and has found that this alleged agreement was not made, therefore judgment based on this alleged oral agreement should be in favor of the defendants.

Plaintiff seeks an accounting under the Trust Agreement of July 9, 1935, a copy of said Trust Agreement being attached to the Second Amended Complaint and designated as Exhibit 1. Defendants agree that plaintiff is entitled to an accounting. The Court is in accordance with the agreement of the parties.

Let an order be prepared in accordance with the foregoing Findings of Fact, Conclusions of Law and this Opinion.