### SMITH v. McLANE et al.
### Civ. No. 5494.

District Court, W. D. Pennsylvania.
Jan. 21, 1948.

Charles Denby (of Reed, Smith, Shaw & McClay), of Pittsburgh, Pa., for plaintiff.

William H. Eckert, of Pittsburgh, Pa., and McAllister & McAllister, of McKeesport, Pa., for defendants.

McVICAR, District Judge.

This is an action (1) to require the Trustees under Trust Agreement of July 9, 1935 (Exhibit 1, plaintiff's second amended complaint) to render an accounting thereunder, (2) to require defendant, John T. McLane, to account and tender to plaintiff one-half of the shares of stock acquired by him under an alleged oral agreement between John T. McLane and plaintiff made June 24, 1937, and (3) that defendant be ordered to transfer to plaintiff six shares of common stock of The Sun Rubber Company in compliance with the agreement alleged in

Par. 14 and to account to plaintiff for dividends paid thereon.

After hearing, this Court, on October 28, 1947, filed Findings of Fact and Conclusions of Law and its opinion D.C., 73 F.Supp. 849. In said Findings of Fact and Conclusions of Law, the Court found that plaintiff was not entitled to a transfer of the six shares of stock aforesaid, that plaintiff was entitled to an accounting under the Trust Agreement of July 9, 1935 and that no oral agreement was made between the plaintiff and the defendant on June 24, 1937.

The plaintiff filed a motion for a new trial, which is the motion now before the Court. At the argument he limited his right for a new trial to error in the Court's Finding of Fact No. 25 and its Conclusion of Law No. 1.

In the Finding of Fact No. 25 the Court found that the oral agreement alleged to have been made June 24, 1937 between plaintiff and John T. McLane, providing for equality of holdings of stock in The Sun Rubber Company, had not been made and that there was no such agreement.

In the disposition of the motion now before the Court I will consider that the additional evidence which the plaintiff desired to offer in his supplemental motion for a new trial, had been offered and received.

Whether the alleged oral contract of June 24, 1937 was made or not depended on oral evidence. Plaintiff testified that said oral contract was made at Akron, Ohio on June 24, 1937. Defendant, John T. McLane, testified that said contract was not made. They were the only persons present. On the same day the plaintiff and John T. McLane went to McKeesport, Pennsylvania and on the evening of that day, two written contracts were made containing oral agreements made between plaintiff and John T. McLane on the same day relating to The Sun Rubber Company matters, but no written agreement was made in regard to The alleged oral agreement of the same day relating to parity of stock holdings in The Sun Rubber Company. Plaintiff, at different times, made different statements as to the contents of the alleged oral agreement. There was other evidence offered by plaintiff and also by defendants, which had a remote inferential bearing on this issue, but taking the evidence as a whole and considering the credibility of the witnesses and the burden of proof resting upon the plaintiff, I am of the opinion that Finding of Fact No. 25 should stand as it was made.